IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENDELL THOMAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 4:14-CV-351 |
| V. | § | |
| | § | |
| BNSF RAILWAY COMPANY | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW WENDELL THOMAS, hereinafter referred to as Plaintiff, complaining of BNSF RAILWAY COMPANY, hereinafter referred to as Defendant, and for cause of action would respectfully show unto this Honorable Court the following:

### I. PARTIES

1. Plaintiff, WENDELL THOMAS, is a railroad worker and a resident and citizen of the State of Texas.

2. Defendant, BNSF RAILWAY COMPANY, is a foreign corporation which is doing business in and is subject to personal jurisdiction in the Southern District of Texas in that it has regular and systematic contacts with this District. Defendant BNSF RAILWAY COMPANY can be served with process by serving its agent, Jeffrey R.

1

Moreland, Corporate Secretary, 2500 Lou Menk Drive, Ft. Worth, Texas 76131-2828.

## II. JURISDICTION

3. Plaintiff's rights and remedies against Defendant arise under Federal Railroad Safety Act (FRSA), 49 U.S.C. 20109(d)(3), and the jurisdiction of this Court is invoked under provisions of said Act.

## III. VENUE

4. Venue is proper in this matter pursuant to the terms of 28 U.S.C. §1391 in that all or a substantial portion of the events made the basis of this lawsuit occurred in the Southern District of Texas and Defendant resides in and has regular and systematic contacts in the Southern District of Texas.

## IV. CAUSE OF ACTION

### FRSA VIOLATIONS

5. At all times mentioned in this Complaint, Defendant was a common carrier by railroad engaged in interstate commerce through and between the several states.

6. At all times mentioned in this Complaint, Defendant owned, managed, maintained, and used as a portion of its railroad system, a certain railroad yard located in Harris County, Texas called Casey Yard.

7. At the time of Defendant's FRSA violations, Plaintiff was employed by Defendant as a railroad conductor and qualified as an employee within the meaning of 49 U.S.C. §20109.

2

8. On or about September 1, 2011, Plaintiff sustained an on-the-job injury while working at Casey Yard which was witnessed by a co-worker.

9. On or about September 2, 2011, Plaintiff completed an injury report and turned it in to Defendant.

10. Plaintiff received medical treatment for a partially torn Achilles tendon and shoulder injury, including a shoulder surgery on December 19, 2011.

11. Plaintiff was released to return to work by his treating doctors on or about May 7, 2012.

12. Plaintiff missed approximately 9 months of work as a result of his on-the-job injury.

13. On or about May 23 or 24, 2012, BNSF had a meeting with Plaintiff wherein BNSF's manager, John Kennedy, advised Plaintiff, for the first time, that BNSF was assessing 40 points to Plaintiff's Personal Performance Index (PPI) because he sustained an on-the-job injury.

14. Plaintiff immediately voiced concern that this was unfair because BNSF had not conducted a formal investigation to even charge him with violating any rules which would merit assessing him any discipline.

15. Plaintiff was extremely concerned with 40 points being added to his PPI because he knew that he would now be categorized as an at risk or unsafe employee and feared that BNSF would use this as a way to terminate his employment. Plaintiff was

particularly concerned about losing his job and insurance because he has two young children with serious health ailments that require regular medical attention.

16. BNSF harassed and retaliated against Plaintiff for reporting his injury by, among other things, (1) delaying Plaintiff's return to work for almost a month after Plaintiff was released to return to work such that Plaintiff went without a paycheck during this time period, (2) forcing Plaintiff to participate in multiple "counseling" sessions because the 40 points assessed to Plaintiff's PPI deemed him an unsafe employee, (3) threatening Plaintiff's job, (4) warning Plaintiff that any future injuries would not be tolerated and would cost him his job, (5) performing increased operational tests on Plaintiff, and (6) continuing to force Plaintiff to participate in "counseling" sessions because of Plaintiff's increased PPI rating even after BNSF entered into an agreement with OSHA to discontinue BNSF's illegal practice of assessing points to an injured employee's PPI following the report of an injury.

17. As a result of Defendant's conduct, Plaintiff has suffered various economic harms as well as emotional distress and mental anguish.

18. Plaintiff engaged in protected activity when he reported an on-the-job injury, sought medical treatment, and reported the unsafe conditions following his injury.

19. Defendant had knowledge of all of the protected activities described above.

20. Upon Plaintiff's return to work, Defendant took adverse employment

4

action against Plaintiff due to his protected activities by assessing 40 points to Plaintiff's PPI and threatening and harassing Plaintiff about his reported injury and any future injuries.  In so doing, Defendant acted with reckless disregard for the law and with completed indifference to Plaintiff's rights under the FRSA.

21.     On October 8, 2012, Plaintiff filed an FRSA Complaint with the Secretary of Labor's Houston Area Office.  Exhibit 1.  That was within 180 days from the date that Plaintiff first learned that Defendant had violated the FRSA.

22.     The OSHA Whistleblower Office commenced its investigation and Plaintiff fully cooperated with OSHA's investigation.

23.     Over 210 days have passed since Plaintiff filed his complaint with OSHA and OSHA has not issued a final decision. Exhibit 2.

24.     Under the FRSA, if OSHA has not issued a final decision within 210 days of the filing of the complaint, and there is no showing that such delay is due to the bad faith of the complainant, the complainant has the statutory right to bring a de novo action in federal district court. 49 U.S.C. §20109(d)(3)

25.     On February 5, 2014, Plaintiff notified OSHA that he intended to exercise his statutory right to file a lawsuit in federal district court.  Exhibit 2.

26.     Pursuant to 49 U.S.C. §20109(d)(3), Plaintiff is now bringing this original action at law and equity for de novo review by this Court, which has jurisdiction over this FRSA action without regard to the amount in controversy.

27. In order to encourage employees to freely report all injuries without fear of any retaliation, thereby ensuring that the Federal Railroad Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, Plaintiff demands a Judgment under the FRSA for all relief necessary to make him whole, including, but not limited to, expungement of reference to all disciplinary action related to the incidents made the basis of this Complaint, lost benefits with interest, lost wages with interest, compensatory damages for medical expenses incurred due to Defendant's conduct, compensatory damages for economic losses due to Defendant's conduct, compensatory damages for mental anguish and emotional distress due to Defendant's conduct, the statutory maximum of punitive damages, and the special damages for all litigation costs including expert fees and attorney's fees.

28. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be summoned to appear and answer, and that upon final trial, Plaintiff have:

a. Judgment against the Defendant;

b. Post-judgment interest at the legal rate against the Defendant;

c. Costs of suit; and

d. Such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        THE LAW FIRM OF ALTON C. TODD

        _/s/ Clint E. McGuire_
        Clint E. McGuire
        Federal ID #25560
        312 S. Friendswood Drive
        Friendswood, Texas 77546
        Telephone:   (281) 992-8633
        Facsimile:   (281) 648-1007

        ATTORNEYS FOR PLAINTIFF
        WENDELL THOMAS